UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**AARON FRANCOIS (#603619)**

**VERSUS**

**STEPHANIE LAMARTINIERE, ET AL.**

**CIVIL ACTION**

**NO. 16-637-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON FRANCOIS (#603619)

VERSUS

STEPHANIE LAMARTINIERE, ET AL.

CIVIL ACTION

NO. 16-637-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendants Stephanie Lamartiniere and James LeBlanc (R. Doc. 16). The motion is opposed. *See* R. Doc. 31.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Stephanie Lamartiniere, James M. LeBlanc, and other defendants, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary relief.

The moving defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following. On April 20, 2016, the plaintiff began to experience severe stomach pains on his right side and flu like symptoms. He declared himself a medical emergency, and approximately 30 minutes later he was examined by defendant Jarvis who diagnosed the plaintiff with irritable bowel syndrome and administered a shot for nausea.

Later that night, the plaintiff began vomiting and having episodes of painful diarrhea. The following day, he filled out a sick call for severe stomach pains and flu like symptoms.

Defendant Childs gave the plaintiff a bottle of Maalox for stomach pain. Later that evening, the plaintiff passed out in his cell and was taken to the prison hospital.

At the prison hospital, the plaintiff was treated by defendant Jarvis for irritable bowel syndrome, dehydration, and fever even though the plaintiff felt his symptoms were more serious. Defendant Jarvis was argumentative, and told the plaintiff, "I know what's wrong with you! You have irritable bowel syndrome, and you don't need to see any doctor for that." The plaintiff was returned to his housing unit although he was still experiencing severe stomach pain.

On April 22, 2016, the plaintiff stopped sick call EMT Butler and explained his symptoms. EMT Butler told the plaintiff he would get him to the hospital and the plaintiff was taken to the prison hospital later that afternoon. The plaintiff again explained his symptoms to defendant Jarvis. He was treated for dehydration and fever by defendant Dr. Toce, who also ordered an x-ray of the plaintiff's stomach.

Defendant Dr. Toce told the plaintiff he had a stomach blockage, and the plaintiff expressed that he felt his illness was more serious than that. Defendant Lamartiniere was present when the plaintiff was complaining to defendant Dr. Toce that he was experiencing severe pain. The plaintiff was given several doses of milk of magnesia by defendant Johnson. When he attempted to explain the seriousness of his symptoms, he was told by defendant Johnson, "Shut up and drink or you won't get any help from me." The plaintiff was then moved to prison ward 1, cell 9.

On April 23, 2016, the plaintiff's symptoms worsened and he began experiencing painful diarrhea, vomiting feces, urinating blood and dehydration. The plaintiff was told her would be transferred to an outside hospital, and around 4:00 p.m. IV fluids were stopped and the plaintiff

was told to not drink any water. The plaintiff began to experience trouble breathing and was placed on oxygen.

At 7:15 p.m., the plaintiff was placed in a diaper which he soiled prior to leaving the prison hospital while being pushed in a wheelchair by Defendant Smith. Defendant Smith ignored the plaintiff's request to change his diaper and placed the plaintiff in the back seat of car and continued to ignore the plaintiff's request for 45 minutes.

During the two hour and 40 minute ride to UMC in New Orleans, the plaintiff made several requests for water which were denied by defendants Smith and Green. Defendants Smith and Green proceeded as if on a "joy ride," stopping to get food for themselves. The plaintiff again passed painful diarrhea, and defendant Green rolled down his window and commented, "All he does is sh!t and cry about everything."

At 10:40 p.m., the plaintiff arrived at UMC in New Orleans, where he was diagnosed with an abscess caused by a ruptured appendix. Surgery was performed, and the plaintiff was discharged on May 3, 2016. The plaintiff was returned to ward 1, cell 9, and was only given Tylenol and ibuprofen for pain along with antibiotics.

On May 18, 2016, the plaintiff was seen by defendant Dr. Morrison and complained of pressure near his bladder. Defendant Dr. Morrison informed the plaintiff that the pressure would subside. On May 27, 2016, the plaintiff was seen by defendant Dr. Helms who told the plaintiff that he could go back to being active even though the plaintiff complained of stomach pains and pressure when using the bathroom. After making further complaints, defendant Dr. Helms ordered an x-ray of the plaintiff's stomach that was unremarkable.

On June 1, 2016, the plaintiff when to the prison hospital to have his blood drawn and was sent back to his housing area. The plaintiff thereafter filled out two sick calls and one

emergency sick call for "his serious medical need," but he was not seen by a doctor. On May 5, 2016, the plaintiff began experiencing pain near his incision site. On June 6, 2016, he declared himself a medical emergency. Defendant Jane Doe 4 responded, but the plaintiff was not seen by a doctor.

On June 13, 2016, the plaintiff filled out a sick call in an effort to be seen by a doctor. As of the filing of his Complaint, the plaintiff had not been taken to the hospital to be examined regarding pressure in his pelvic area and discomfort when using the restroom. At some point, the plaintiff filed a grievance regarding his medical care, which was denied at the first step by defendant Lamartiniere and at the second step by defendant LeBlanc.

Turning to the plaintiff's claims under § 1983, the Court finds that the plaintiff has failed to state a claim against the moving defendants. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's

implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

With regards to the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate

indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

Applying the foregoing standards, and upon a review of the plaintiff's Complaint as amended, the plaintiff has failed sufficiently to allege that defendants have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights.  The plaintiff's allegations of mere supervisory responsibility and/or negligent supervision on the parts of the moving defendants are not sufficient to support a finding of liability under § 1983.  Nor has the plaintiff alleged that either moving defendant was aware of a substantial risk of harm to the plaintiff and refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  Even if the Court accepts the plaintiff's allegation that defendant Lamartiniere was present when the plaintiff was being treated by Dr. Toce as true, said allegation fails to state a claim for deliberate indifference on the part of defendant Lamartiniere.  Accordingly, the plaintiff's Complaint, as amended, fails to state a claim for deliberate indifference to his serious medical needs.

As to the plaintiff's allegations against defendants Lamartiniere and LeBlanc for their alleged failure to appropriately respond to his grievance, these allegations fail to state a meritorious claim inasmuch as an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.  *Id*. at 373-74.

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights.  *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).  Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights.  *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").  Accordingly, the plaintiff's Complaint, as amended, fails to state a claim against defendants Lamartiniere and LeBlanc for any violation of the plaintiff's constitutional rights.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 16) be granted the plaintiff's claims against defendants Lamartiniere and LeBlanc be dismissed with prejudice.  It is further recommended that this matter be referred back to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on January 22, 2018.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**