UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**AARON FRANCOIS (#603619)**

**VERSUS**

**STEPHANIE LAMARTINIERE, ET AL.**

**CIVIL ACTION**

**NO. 16-637-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

                                                              _____
                                                              **RICHARD L. BOURGEOIS, JR.**
                                                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON FRANCOIS (#603619)

VERSUS

STEPHANIE LAMARTINIERE, ET AL.

CIVIL ACTION

NO. 16-637-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Dr. John McCain (R. Doc. 132). The motion opposed. *See* R. Doc. 139.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary relief.

Defendant Dr. McCain asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

As to defendant Dr. McCain, the plaintiff alleges in his second amended Complaint that on April 20, 2016 he was experiencing severe stomach pain and flu like symptoms. The plaintiff was examined by defendant EMT Jarvis who told the plaintiff he had irritable bowel syndrome and administered a shot for nausea. Defendant Jarvis and other medical staff then exited the plaintiff's cell although it was clear to them that the plaintiff should have been taken to the prison hospital to see a doctor. Defendant Dr. McCain was contacted about the plaintiff's severe stomach pain, but did not order for the plaintiff to be transported to the hospital.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The plaintiff has not alleged that Dr. McCain refused to treat him, ignored his complaints, or intentionally treated him incorrectly. Rather, it appears that Dr. McCain was informed of the plaintiff's condition by medical staff and determined based on the information provided that transfer to the prison hospital was not necessary. There are no allegations evidencing a wanton

disregard for the plaintiff's serious medical needs on the part of defendant Dr. McCain.[1] As such, the plaintiff's amended Complaint fails to state a claim against defendant Dr. McCain.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss (R. Doc. 132) be granted, dismissing the plaintiff's claims against defendant Dr. John McCain with prejudice. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff was previously denied leave to file a Third Amended Complaint since the proposed amendments would have been futile. The proposed amendments only served to further show that Dr. McCain was not deliberately indifferent to the plaintiff's serious medical needs by showing that Dr. McCain attempted to treat the plaintiff's stomach pains. *See* R. Doc. 143. As noted in that Order, failed treatments, negligence and medical malpractice are insufficient to give a claim of deliberate indifference.