UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CASE NO. 16-637-SDD-RLB

Aaron Francois #603619
~against~
Stephanie Lamartiniere, et al.

PLAINTIFF'S OBJECTION AND REQUEST FOR RECONSIDERATION ON (Rec. Doc. "206" AND "207) REGARDING SUMMARY JUDGMENT.

RECEIVED
JUN 21 2019
Legal Programs Department

SCANNED at LSP and Emailed
6-21-19 by KB . 9 pages
date    initials  No.

s/ Aaron Francois #603619
Aaron Francois # 603619
Camp-C Wolf-3
Louisiana State Prison
Angola, LA. 70712

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Aaron Francois #603619                    Case No. 16-637-SDD-RLB
~against~                                 FILED: _____
Stephanie Lamartiniere, et al.
                                          _____
                                          CLERK OF COURT

Plaintiff's objection and request for reconsideration on (rec. Doc. "206" and "207") regarding Summary Judgment.

Now into court comes Aaron Francois, hereinafter Plaintiff who respectfully asks this court for a reconsideration on it's ruling (rec. Doc. "206" and "207") regarding Summary Judgment, for the following reasons:

### 1.

The U.S. District Court allowed the Magistrate Judge to weigh the evidence regarding the Plaintiff's "unopposed" Cross motion for summary Judgment.

### 2.

The U.S. District Court granted defendant's motion for summary Judgment based on a DENIAL of medical Treatment, and denied Plaintiff's "unopposed" Cross motion for summary Judgment when Plaintiff's civil action and argument was for a DELAY of Medical Treatment.

### 3.

The U.S. District Court showed favoritism to Defendant's regarding defendant's Affidavit, and denied Plaintiff's Declaration for summary Judgment evidence.

### 4.

The U.S. District Court failed to address Plaintiff's state court claim of negligence under supplemental Jurisdiction.

Wherefore, after all due proceedings are had, plaintiff prays that this Honorable Court would Grant the Plaintiff's instant motion for his objections and reconsideration on (rec.doc."206" and "207") regarding Summary Judgment.

s/ Aaron Francois #603619
Aaron Francois #603619
Camp-C Wolf-3
Louisiana State Prison
Angola, LA. 70712

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to counsel for defendants via. U.S. mail postage prepaid and properly addressed on this 20 day of June, 2019.

s/ Aaron Francois #603619
Aaron Francois #603619
Camp-C Wolf-3
Louisiana State Prison
Angola, LA. 70712

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CASE NO. 16-637-SDD-RLB

Aaron Francois #603619
~against~
Stephanie Lamartiniere, et al.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION AND RECONSIDERATION ON (REC. DOC "206" AND "207") REGARDING SUMMARY JUDGMENT.

S/ *Aaron Francois #603619*
Aaron Francois #603619
Camp-C Wolf-3
Louisiana State Prison
Angola, LA. 70712

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Aaron Francois #603619            CASE NO. 16-637-SDD-RLB
~against~                         FILED: _____
Stephanie Lamartiniere, et al.
                                  _____
                                  CLERK OF COURT

**Plaintiff's memorandum in support of his objection and reconsideration on (Rec. Doc. "206" and "207") regarding Summary Judgment.**

May it please the Court:

Now into court comes Aaron Francois, hereinafter Plaintiff, who submits his memorandum in support of his objection and reconsideration on (rec.doc. "206" and "207") regarding Summary Judgment, for the following reasons:

1. **THE U.S. DISTRICT COURT ALLOWED THE MAGISTRATE JUDGE TO WEIGH THE EVIDENCE REGARDING THE PLAINTIFF'S "UNOPPOSED" CROSS MOTION FOR SUMMARY JUDGMENT.**

Plaintiff contends that the U.S. District Court's "ruling" states that: "The Court hereby approves the Report and Recommendation of the Magistrate Judge and adopts it as the Court's opinion herein."

Plaintiff further contends that the U.S. District Court allowed the Magistrate Judge to weigh the evidence in the context of summary judgment and adopted the Magistrate Judge's Report and Recommendation wherein the record reflects that Magistrate Bourgeois weighed the evidence - whether or not the defendants delayed the Plaintiff's medical treatment because defendants were entertaining thoughts that Plaintiff was trying to escape again - which the Magistrate Judge is prohibited from doing in the context of Summary Judgment. See: *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Thus, the District Court allowed the Magistrate Judge (Bourgeois) to weigh the evidence, and then adopted his Report and Recommendation condoning the

Magistrate Judge's error. see also: Murrell V. Bennell, 615 F.2d 306, 309-11 (5th cir. 1980).

2. THE U.S. DISTRICT COURT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON A <u>DENIAL</u> OF MEDICAL TREATMENT, AND DENIED PLAINTIFF'S "UNOPPOSED" CROSS MOTION FOR SUMMARY JUDGMENT WHEN PLAINTIFF'S CIVIL ACTION AND ARGUMENT WAS FOR A <u>DELAY</u> OF MEDICAL TREATMENT.

Plaintiff contends that (this is a classic example where the plaintiff is talking to the court about the "Ice box" but the court is interpreting the conversation as if the plaintiff was talking about the "deep-freezer" - as if there is no distinguishable between the two).

Plaintiff avers that his 1983 civil action is about a <u>DELAY</u> of Medical Treatment, NOT a <u>DENIAL</u> of medical Treatment.

Plaintiff further avers that the plaintiff's complaint, arguments, cross motion for summary Judgment, as well as the record reveals that the plaintiff's civil action is about a <u>DELAY</u> of medical Treatment. The Plaintiff contends that the defendants moved for Summary Judgment, which defendant's motion for summary Judgment, and statement of undisputed facts revolved around a <u>DENIAL</u> of medical Treatment. Plaintiff avers that he opposed the defendant's motion for summary Judgment that was based on a "denial" of medical Treatment as well as addressed the fact that his case (civil action) is about a <u>DELAY</u> of medical Treatment.

Plaintiff contends that he also filed a cross motion for Summary Judgment based off of what plaintiff's complaint is about - a <u>DELAY</u> of medical Treatment - and said cross motion for summary Judgment was "unopposed".

Plaintiff contends that the District Court was in error for (1) the fact that the District Court failed to notice that plaintiff's civil action was about a <u>DELAY</u> of medical treatment, and (2) Plaintiff did raise a Genuine issue of material fact within his cross motion for summary Judgment which was that defendants delayed his medical treatment for non-medical reasons

because the defendants were entertaining the thought that plaintiff was trying to escape again.

## 3. THE U.S. DISTRICT COURT SHOWED FAVORITISM TO DEFENDANTS REGARDING DEFENDANT'S AFFIDAVIT, AND DENIED PLAINTIFF'S DECLARATION FOR SUMMARY JUDGMENT EVIDENCE.

Plaintiff contends that the U.S. DISTRICT COURT showed favoritism to the defendants by accepting an Affidavit by defendant Lynette Jarvis - which should've been rejected - that was signed (noterized) by her counsel (Kristian Dobard). Plaintiff's own Declaration he submitted with his cross motion for summary Judgment was not accepted because "Pro se" plaintiff forgot to put "true and correct", but "pro se" plaintiff did in fact have "I declare under the penalty of perjury" - which plaintiff contends amounts to the same thing as "true and correct", and should have been sufficient for summary Judgment evidence.

Plaintiff contends his position is simple. When the defendants move for summary Judgment, the Court must view all facts and all reasonable inferences in the favor of the nonmoving party. See: Matushita Electric Industrial Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). Furthermore, Plaintiff is a "Pro se" litigant and contends that Courts have generally held "Pro se" complaints to less stringent standards than formal pleadings drafted by lawyers. Haines V. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972) (per curiam) (Pro se complaints are entitled to liberal construction)); Erickson V. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (Per curiam). Thus, when plaintiff points out in his opposition to defendant's motion for summary Judgment that an affidavit from defendant Lynette Jarvis was noterized by her own counsel and was insufficient, and cited supporting case law, the District Court should not have let it (defendant Jarvis' Affidavit) be submitted, but yet, it was allowed.

Plaintiff on the other hand, was not allowed to have his declaration accepted as sufficient for summary Judgment evidence because he - a "Pro se" litigant - forgot to put "true and correct", although he did have

"I declare under the penalty of perjury", which amounts to the same thing. Plaintiff strongly contends that the District Court seems to have showed all leniency to the defendants who are represented by a professional (Assistant Attorney General) because of her <u>TITLE</u> and <u>who she is</u> — which is <u>favoritism</u>.

## 4. THE U.S. DISTRICT COURT FAILED TO ADDRESS PLAINTIFF'S STATE COURT CLAIM OF NEGLIGENCE UNDER SUPPLEMENTAL JURISDICTION.

Plaintiff contends that in his civil action, he invoked Supplemental Jurisdiction pursuant to 28 U.S.C. Section 1367. Plaintiff avers that his complaint carries a state law claim of medical malpractice (negligence) that Magistrate Bourgeois and this District Court said absolutely nothing about. Plaintiff would like to make known to this Court that this statue creates a strong presumption in favor of the exercise of supplemental jurisdiction. See: Sheldon H. Nahmod, Civil Rights and Civil Liberties Litigation: The Law of Section 1983 1.08, at 27 (3d ed. 1991). Thus, this Court is in error because the District Court adopted the Magistrate Judge's Report and Recommendation when the Magistrate Judge's Report and Recommendation failed to address Plaintiff's state court claim for negligence under Supplemental Jurisdiction, and the District Court failed to mention anything about Plaintiff's state law claim of negligence under Supplemental Jurisdiction.

S/ *Aaron Francois* #603619

Aaron Francois #603619
Camp-C Wolf-3
Louisiana State Prison
Angola La. 70712

5.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to counsel for the defendants via U.S. Mail, postage prepaid and properly addressed on this 20 day of June, 2019.

s/ Aaron Franccis #603619
Aaron Franccis #603619
Camp-C Wolf-3
Louisiana ~~State~~ Prison
Angola, La. 70712